Follett, J.
May 28, 1884, Alexander Scott died, seized of the real estate described in the complaint, and leaving him surviving Eliza E. Scott, widow, Samuel Scott, son, and Ella E. Spafford, daughter, only heirs-at-law. He left a last will and testament, executed January 28, 1884, probated June 25, 1884, by which he gave all of his estate to his widow and daughter.
This action was brought by the son to partition the real estate left by the testator, upon the theory that the will was void, because: 1. The testator was of unsound mind, and incapable of making a will when it was executed. 2. That the widow and daughter exercised undue influence over the testator while he was under their restraint, prevailing upon him to execute a will which did not express his intent.
The issue was tried before a jury, pursuant to section 1544 of the Code of Civil Procedure, with the result above stated.
*203 The appellant asks for a reversal of the judgment and a new trial solely upon the ground that the trial court erred in not permitting Dr. Ricardo M. Cooley and the plaintiff to testify to the physical and mental condition of the testator during the last year of his life. There being no exception in the record to the rulings excluding the evidence of Dr. Cooley, the ruling cannot be reviewed by this court. Code Civ. Pro., §§ 995, 996; Baylies Tr. Pr., 203.
The plaintiff was asked: “Will you state the physical condition of your father during the last year of his life ? ” This was objected to by the defendants upon the grounds:
1. That the witness was incompetent to give the evidence called for, under section 829. 2. That the question called for a conclusion. 3. That the question called for an opinion upon a subject about which the witness was not shown qualified to speak. The objections were sustained, and the plaintiff excepted. Thereupon the plaintiff was asked the following questions:
1. “ How did he walk ? ”
2. “Did he drool at the mouth?”
3. “How was his hearing ?”
4. “ How was his eye-sight ? ”
5. “During that year was he accustomed to work ?”
6. “During that year did he do any business?”
Every one of these questions was objected to on the grounds above specified. The objections were sustained and the plaintiff excepted to every ruling. The witness was the plaintiff, interested in the event of the action, and was testifying against defendants, who derived their title from a deceased person. None of these questions called for facts learned on a particular occasion and in some way other than by or through a “personal transaction or communication between the witness and the deceased person; ” hut all of the questions were general, covering the last year of the testator’s life, during which he and the witness were associated in business, residing in the same dwelling, much of the time members of the same family, and called for facts presumptively, learned through these relations. The appellant’s contention, that these questions did not call for facts arising out of personal transactions, or communications between the witness and the deceased person, cannot he sustained. Holcomb v. Holcomb, 95 N. Y., 316, 325.
The judgment is affirmed, with costs.
Hardin, P. J., and Martin, J., concur.